W. H. LYLE, AS SHERIFF, *Plaintiff in Error,* v. F. C. SEMMES, *Defendant in Error.*

Opinion Filed April 5, 1921.

Petition for Rehearing Denied April 29, 1921.

1. The statute authorizes replevin by third persons who claim property levied on in attachment proceedings.

2. In replevin where on the issues presented the evidence is legally sufficient to sustain the verdict, approved by the trial judge, and no error of law or procedure appears, the verdict will not be disturbed on writ of error.

A Writ of Error to the Circuit Court for Suwannee County; M. F. Horne, Judge.

Judgment affirmed.

*J. T. Watson* and *John F. Harrell,* for Plaintiff in Error;

*J. B. Johnson,* for Defendant in Error.

WHITFIELD, J.—In replevy proceedings brought by Semmes the defendant Sheriff asserted his right to hold the property under attachment proceedings on a judgment obtained against another party who had sold the property to the plaintiff in replevin. A motion to dismiss was denied as also was a motion to direct a verdict for the defendant. There was judgment for the plaintiff and defendant took writ of error.

The statute authorizes replevin by third persons who claim property levied on in attachment proceedings. Sec. 2129 Gen. Stats. 1906, Comp. Laws 1914, Sec. 3430 Rev. Gen. Stats., 1920.

No fatal defect in the replevin affidavit or in the bond is made to appear.

The property consisted of automobile supplies, etc. It appears that the plaintiff in replevin bought the stock of goods more than two months before the attachment was levied thereon under a judgment obtained in another county against the seller. The bulk sales statute was not pleaded. On the issues as made by the pleadings, it cannot be said that the evidence is legally insufficient to sustain the verdict for the plaintiff, involving as it does the legality and *bona fides* of the purchase for full value of the property by the plaintiff in replevin, therefore the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.

### On Petition for Rehearing.

PER CURIAM.—On a petition for rehearing counsel for the plaintiff in error asserts among other things "that it was not necessary for this defendant in said action to plead specially the Bulk Sales Act of this State in order to prove at the trial of said action non-compliance therewith for the reason that the court takes judicial notice of the laws of its State"; and that the opinion makes "no mention of the evidence which tends to show a failure on the part of Semmes, the plaintiff below, to comply with the Bulk Sales Act in his purchase of the property involved, and leaves this evidence as a part of the record in the case with no ruling that the same was improperly admitted." The opinion states that the Bulk Sales Statute was not pleaded, and that on the issues as made, the evidence sustains the verdict. This necessarily includes any bearing upon the merits of the case that any evidence adduced relating to the Bulk Sales Statute could have had, even though the statute was not specially pleaded. The court takes judicial notice of public statutes, but parties may waive their rights under statutes by not pleading them when they may. If the defendant properly adduced testimony under the Bulk Sales Statute without pleading it, such testimony was met by counter evidence that was a sufficient legal predicate for the verdict found.

The portions of the petition for rehearing that are noticeably impertinent will be stricken therefrom as being grossly improper.

Rehearing denied.

All concur.